1  Ronald Cupp
2  150 Raley Town Center Ste 2512
   Rohnert Park, California [94928]
3  Emergency Cell: (707) 318-9929
   ronc2009@gmail.com
4
5
6
7



FILED

MAY 30 2024  SC

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
Paid

8              **UNITED STATES DISTRICT COURT**

9              **NORTHERN DISTRICT OF CALIFORNIA**

10

11  Ronald Cupp,                          )CASE NO: **CV24    3241**
                                          )
12        Plaintiff,                      )COMPLAINT FOR DAMAGES                    **JSC**
                                          )
13        vs.                             )VIOLATION OF 11 U.S.C. § 362, 15 U.S.C. §
                                          )1692, SLANDER OF TITLE, QUIET TITLE,
14  BASIL PLASTIRAS, individually         )CCP §1788, INTENTIONAL INFLICTION OF
15  MICHAEL TERRIZZI, individually        )EMOTIONAL DISTRESS. DEFAMATION,
    PLASTIRAS & TERRIZZI, APC             )
16  PARKWAY PROPERTIES 12 LLC             )DEMAND FOR TRIAL BY JURY
    DOES 1-10                             )
17                                        )
18        Defendants.                     )          \
                                          )
19                                        )
                                          )
20  _____      )

21                          INTRODUCTION

22        Plaintiff, Ronald Cupp, individually hereby sues above named Defendants for violations

23  and sanctions of Title 11 Bankruptcy Act Chapter 7, 11 U.S.C.  362, the FDCPA 15 USC §1692,

24
    Slander of Title and Defamation, Quiet Title and the California Rosenthal Fair Debt Collection
25
    Practices Act Civil Code §1788. Plaintiff contends that the Defendants have violated Plaintiffs
26
27  bankruptcy and consumer protections and such laws and statues by repeatedly harassing Plaintiff

28  in attempts to collect alleged but nonexistent debt. Defendants have willfully, knowingly, and

intentionally, with malice aforethought, continued to attempt to collect a debt that is/was discharged in previous bankruptcy of plaintiff. Defendants have gone so far as to mislead Sonoma County Superior Court and having a state superior court judge issue an invalid ruling (by not knowing) and ordering as valid, the Defendants application for and renewal of judgment, which has been previously discharged in Plaintiffs prior bankruptcy.

In doing so, Defendants have knowingly, willfully and intentionally with malice aforethought, violated California criminal statutes PC 115A and PC 470 and *committing perjury to the Sonoma County Superior Court and the Superior Court Judge*, and then going to the recorder's office, and then filing the fraudulent and false document into the county recorders index.

Defendants, as attorneys, knew or should have known what they were doing was criminal and improper and in violation of federal and state law(s) and statutes, and by their actions, damage Plaintiff. Defendants, working in concert in conspiracy, using fraudulent and unlawful tactics and means, were attempting to collect an inflated past due debt already discharged in Bankruptcy, in violations of Plaintiffs consumer protections and protections afforded by the U.S. Federal Government in its Title 11 bankruptcy proceedings stay and injunctions.

The Chapter 7 discharge is a permanent stay and injunction which Defendants knowingly and intentionally violated in an attempt to gather unearned and ill-gotten gains from Plaintiff.

Plaintiff had no knowledge of Defendant's actions until he was denied a loan and informed by a loan broker of the fraudulent filed documents in the recorders office when he was pulling a title report.

Plaintiff has asked Defendant(s) to remove the improper and fraudulent filed documents from the recorder's office, and in six weeks, they have not done so.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court arises under U.S.C. Title 11,; 11 U.S.C. § 362 *et seq*,

(Bankruptcy Act Chapter 7) 15 U.S.C. §1692 *et seq* (FDCPA), California Stat. § 1788 *et seq*, and

supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367,

Jurisdiction arises under Cal. Civ. Pro. §410.10. Defendant(s) conducts business in the state of

California and therefore, personal jurisdiction is established.

2.      Venue is proper pursuant to 28 U.S.C. §1391b and Cal. Civ. Pro. §395(a). Venue

in this District is proper in that the Plaintiff resides here, the Defendants transact business here,

and the conduct complained of occurred here.

## PARTIES

3.      Plaintiff, Ronald Cupp, (hereinafter "CUPP") is a natural person and is a resident

of Sonoma County, California.

4.      Defendant Basil Plastiras is a natural person and a California licensed attorney

#69293 (hereinafter "PLASTIRAS") and is being sued in his individual capacity.

5.      Defendant Michael Terrizzi is a natural person and a California licensed attorney

#100365 (hereinafter "TERRIZZI") and is being sued in his individual capacity.

6.      Upon information and belief Defendant PLASTIRAS & TERRIZZI, A.P.C. is a

corporation, Secretary of State #2432516, authorized to do business in California, with

Corporate Headquarters at 24 Professional Center Parkway, Suite 150, San Rafael, CA 94903

sued in its corporate capacity. Its agent for service of process is PLASTIRAS at the same

address.

7.      Upon information and belief Defendant Parkway Properties 12 LLC is a

corporation, Secretary of State #200014610006) authorized to do business in California, with

Corporate Offices and Agent for service of process (PLASTIRAS) at 24 Professional Center Parkway, Suite 150, San Rafael, CA 94903 sued in its corporate capacity.

8.      DEFENDANTS are alter ego of each other, PLASTIRAS and TERRIZZI are natural persons, PLASTIRAS & TERRIZZI, A.P.C  is their legal law corporation of which they both own and PLASTIRAS is agent for service, and Parkway Properties 12 LLC , PLASTIRAS is agent for service  and on information and belief, is owned by the three previous defendants. Whenever DEFENDANTS are mentioned, listed or designated, it refers to and incorporates all four (4) above listed Defendants.

9.  Does 1 through 10, whose actions, damages, and names and information are not available to us yet. Will list and amend the complaint as soon as identified.

## FACTUAL ALLEGATIONS

10.     CUPP is a natural person.

11.     CUPP was the debtor DISCHARGED in his Chapter 7 bankruptcy case 13-12258AJ. (EXHIBIT A DOC 1).

12.     Plaintiff is a consumer per 15 U.S.C. §1692a(3).

13.     On or about April 5, 2007, DEFENDANTS sued CUPP in Sonoma County Superior Court Case # SCV240402.

14.     On or about November 7, 2007, DEFENDANTS filed a Notice of Attachment in the Sonoma County Recorder's Office Document 2007120413 from Case # SCV240402 against CUPP's real property at 4640 Arlington Avenue, Santa Rosa, CA 95407.

15.     On or about February 26, 2013, trial for SCV240402 was adjudicated.

16.     On or about May 13, 2013, the Court issued a Judgment Order for money in favor of DEFENDANTS against CUPP in the amount of $163,576.43.

17.     On or about December 12, 2013, CUPP filed a Chapter 7 Bankruptcy under USC Title 11, 11 U.S.C. § 362 in the Northern District of California, case #13-12258AJ. (EXHIBIT A DOC 1).

18.     On or about December 12, 2013, the Federal US Bankruptcy Court issued a notice to Recipients, of the filing, including DEFENDANTS under number 13533563 to Basil Plastiras, Parkway Properties 12 LLC. (EXHIBIT A DOC 7-1).

19.     On or about December 13, 2013, the Federal US Bankruptcy Court issued a Certificate of Notice to Recipients, of the filing, including DEFENDANTS under number 13533563 to Basil Plastiras, Parkway Properties 12 LLC. (EXHIBIT A DOC 8).

20.     On or about December 13, 2013, the Federal US Bankruptcy Court issued a notice to Recipients, of the filing, including DEFENDANTS under number 13533563 to Basil Plastiras, Parkway Properties 12 LLC. (EXHIBIT A DOC 8.1).

21.     On or about December 13, 2013, the Federal US Bankruptcy Court issued a Certificate of Notice to Recipients, of the filing, including DEFENDANTS under number 13533563 to Basil Plastiras, Parkway Properties 12 LLC. (EXHIBIT A DOC 9).

22.     On or about December 13, 2013, the Federal US Bankruptcy Court issued a Certificate of Notice to Recipients, of the filing, including DEFENDANTS under number 13533563 to Basil Plastiras, Parkway Properties 12 LLC. (EXHIBIT A DOC 10).

23.     On or about December 26, 2013, the Federal US Bankruptcy Court issued a Summary of Schedules, Specifically Schedule D -, CREDITORS HOLDING SECURED CLAIMS, specifically listing DEFENDANTS Account No. SCV240402 (Parkway Properties 12 LLC Judgment Abstract recorded at County Recorders Value $163,576.00). (EXHIBIT A DOC 15).

24.     On or about March 18, 2014, the Federal US Bankruptcy Court issued a DISCHARGE OF DEBTOR AND FINAL DECREE. (EXHIBIT A DOC 48).

25.     On or about March 18, 2014, the Federal US Bankruptcy Court issued a notice to Recipients, DISCHARGE OF DEBTOR AND FINAL DECREE, including DEFENDANTS under number 13533563 to Basil Plastiras, Parkway Properties 12 LLC. (EXHIBIT A DOC 48.1).

26.     On or about March 18, 2014, the Federal US Bankruptcy Court issued a Certificate of Notice to Recipients, of the DISCHARGE OF DEBTOR AND FINAL DECREE, including DEFENDANTS under number 13533563 to Basil Plastiras, Parkway Properties 12 LLC. (EXHIBIT A DOC 49).

27.     On or about March 28, 2014, the Federal US Bankruptcy Court deemed CUPPs Chapter 7 Bankruptcy closed.

28.     The discharge constitutes a permanent statutory injunction prohibiting creditors from taking any action, or any collection action, including the filing of a lawsuit, designed to collect a discharged debt.

29.     On or about May 2, 2022, DEFENDANTS, with mens rea and willful intent, that they knew or should have known their actions were wrong, unlawful and illegal, fraudulent, criminal, and with the desire and intent to take advantage of CUPP, using unfair and deceptive practices, perjured themselves as they filed with the Sonoma County Superior Court for an update application for and renewal of the judgment on case SCV240402; even though discharged in the Bankruptcy Proceeding.

30.     In this proceeding, DEFENDANTS misrepresented to the judge the facts of the case, not informing the Judge that the debt had been discharged in Chapter 7 Bankruptcy, and applied for additional costs and fees. The original award pre-termination of the Bankruptcy was

$163,576.43. DEFENDANTS submitted and applied for, ***under penalty of perjury***, (to the Judge and the Court) for the updated sum of $362,192.33 and was awarded same.

31.    The Sonoma County Superior Court, not knowing the facts and the history of events, issued a Certified Copy of the order on July 28, 2022, requested by DEFENDANTS.

32.    On July 28, 2022, DEFENDANTS upon receiving the void and fraudulent new order, went to the Sonoma County Recorders Office and recorded as Document 2022050849 in the public Sonoma County Recorders Index.

33.    DEFENDANTS never informed CUPP of any of these events. DEFENDANTS intentionally kept this information confidential for some apparent reasons to spring on CUPP.

34.    In early 2024, CUPP was talking to a prospective buyer of his property, for $1,500,000.00, and per agreement needed to improve some items before the sale could be completed. Then in April 2024 CUPP was also talking to a loan broker to borrow $200,000.00 for cash prior to the sale to make the improvements the potential buyer wanted completed.

35.    On April 18, 2024, CUPP received a distressing email from the Loan Broker denying the loan or any pending loan until his title was cleared. (EXHIBIT B)

36.    CUPP was then informed about the fraudulent and void Application for and Renewal of Judgement against his property for $362,192.33 when the Loan Broker performed a preliminary title report.

37.    On April 19, 2024, CUPP personally went to DEFENDANTS office to have a discussion and confront DEFENDANTS. DEFENDANTS office was open, but no one was there. CUPP went home and sent a certified letter 9589 0710 5270 1519 0568 75 to DEFENDANTS demanding removal of the invalid and unjust lien by no later than April 30, 2024. (EXHIBIT C)

38.    On receipt of CUPPS letter, on April 25, 2024, and May 4, 2024, PLASTIRAS called and left two messages on CUPPs phone. PLASTIRAS then wrote a letter to CUPP on May

5, 2024. Cupp responded and told PLASTIRAS to have the fraudulent document removed and send a conformed copy to CUPP before end of May. DEFENDANTS have ignored the demand and have not removed the invalid DOCUMENT recorded as of this filing date.

39.    CUPP forwarded the email he received from the loan broker to PLASTIRAS, and CUPP asked PLASTIRAS "NOT TO TALK TO HIM" (meaning loan broker).  Soon after that CUPP received a call from the loan broker that PLASTIRAS called him. The loan broker told CUPP he assumed that DEFENDANTS was looking to get paid out of loan funds or an escrow.

40.    CUPP then received a call from the potential buyer of CUPPs property that a man named "Basil" called him. PLASTARIS was asking questions, and the potential buyer was uncomfortable talking to a stranger about any potential deal we may have or make. CUPP never gave PLASTARIS any information about this event or buyer, so CUPP does not know how PLASTIRAS located or found out about the potential buyer.

41.    As of date of this complaint, DEFENDANTS intentionally have not removed the lien which is the fraudulent and invalid or void recording slandering CUPPs title and defaming CUPP, and CUPP demanded DEFENDANTS remove. This is approximately 6 weeks since CUPP requested and demanded the removal. This is evidence that DEFENDANTS are knowingly and willfully, with intent to defraud, attempt to collect a debt that they knew or should have known was legally uncollectable; committing grand theft by coercion, thereby violating several Federal and State statutes.

## COUNT I
## VIOLATION OF TITLE 11 – FEDERAL BANKRUPTCY PROTECTION
## 11 U.S.C. § 362
## BY ALL DEFENDANTS.

42.   ·  Plaintiff alleges and incorporates the information in all previous paragraphs.

43.    DEFENDANTS knew or should have known of CUPPs DISCHARGE OF DEBTOR AND FINAL DECREE. (EXHIBIT A DOC 48), as they were involved in the case and participated in the proceedings and were served notices of the proceedings and the final decree by the Bankruptcy Court.

44.    DEFENDANTS working in concert with each other conspired to attempt to steal from CUPP by way of filing an APPLICATION FOR AND RENEWAL OF JUDGMENT of CUPPS debt that was specifically itemized and discharged in the Petition for Bankruptcy case 13-12258AJ.

45.    DEFENDANTS (and each of them) filled out a Judicial Council Form EJ-190 under Code of civil Procedure § 683.14, taking the discharged debt of $163,576.43, jacking that amount up to $362,192.33, and submitted it to the Sonoma County Superior Court under penalty of perjury, not telling the Sonoma County Superior Court Judge, getting the Judge to sign off on the APPLICATION FOR AND RENEWAL OF JUDGMENT, and then taking the new Order executed by the Judge, to continue on with the intentional fraud, by taking the document to the Sonoma County Recorders Office. (EXHIBIT D-1)

46.    DEFENDANTS then filed the void and fraudulent Order into the Sonoma County Recorders Index for public notice, thereby slandering CUPPs title on his property at 4640 Arlington Avenue, Santa Rosa, CA 95403, and defaming CUPP. (EXHIBIT D-2). This has damaged CUPP $362,192.33 by slander of title and defamed CUPP by the same amount.

47.    These actions of DEFENDANTS were kept in secret waiting for a chance to take from CUPP his property at some future date. DEFENDANTS never informed CUPP and CUPP was totally unaware of these events until April 18, 2024 when CUPP was denied a $200,000 loan from a loan broker. This has damaged CUPP $200,000.

48.     CUPP also was in the process of selling his property for $1,500,000, and PLASTIRAS contacted the buyer. The buyer has cancelled the purchase after finding out about the lien on the property. This has damaged CUPP $1,500,000.

49.     CUPP has requested DEFENDANTS remove the fraudulent lien and still 6 weeks have gone by, and they have not done so.

WHEREFORE, Plaintiff CUPP respectfully requests that judgment be entered against all defendants, jointly and severally, for the following violations of the injunction and stay of the bankruptcy court. DEFENDANTS actions were clearly intentional and not negligent.

A.  Compensatory damages for loss of sale $1,500,000,

B.  Compensatory loss of loan $200,000,

C.  Compensatory slander of title, defamation $362,192.33,

D.  General/Actual damages to be determined at trial,

E.  Costs and reasonable attorney fees.

F.  For such other and further relief as the court may deem just and proper.

## COUNT II
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692e(2), (5), (8) and (10), §1692g
## BY ALL DEFENDANTS.

50.     Plaintiff alleges and incorporates the information in all previous paragraphs.

51.     Plaintiff is a consumer per 15 U.S.C. §1692a(3).

52.     Defendants are debt collectors per 15 U.S.C. §1692a(6).

53.     Defendants continued to attempt to collect a debt previously discharged in case 13-12258AJ, by submitting a fraudulent judicial council form, signed under penalty of perjury by PLASTIRAS, for the benefit of all DEFENDANTS, to a Sonoma County Superior Court Judge,

then taking the Order signed by the unknowing Judge, to the Sonoma County Recorder's Office and recording this unlawful and void document 2022050849 into the Recorders Index.

54.     Defendants violated 15 U.S.C. §1692e(2) The false representation of – (A) the character, amount, or legal status of any debt.

55.     Defendants violated 15 U.S.C. §1692e(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

56.     Defendants violated 15 U.S.C. §1692e(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

57.     Defendants violated 15 U.S.C. §1692e(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

58.     Defendants violated 15 U.S.C. §1692e(11) The failure to disclose in the initial written communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for the purpose.

59.     Damages normally are $1,000 statutory or actual damages (whichever is higher).

WHEREFORE, Plaintiff CUPP respectfully requests that judgment be entered against all defendants, jointly and severally, for the following violations of the FDCPA.

A.      Compensatory damages for loss of sale $1,500,000,

B.      Compensatory loss of loan $200,000,

C.      Compensatory slander of title, defamation $362,192.33,

D.      General/Actual damages to be determined at trial,

E.      Costs and reasonable attorney fees.

F.      For such other and further relief as the court may deem just and proper.

**COUNT III**
**SLANDER OF TITLE**
**BY ALL DEFENDANTS**

60.     Plaintiff alleges and incorporates the information in all previous paragraphs.

61.     CUPP is the fee simple owner of the property 4640 Arlington Avenue, Santa Rosa, CA 95407.

62.     DEFENDANTS were/are attempting to gain an advantage, get access to, steal CUPPs property, and unlawfully gain financially from CUPP.

63.     DEFENDANTS filed into the Sonoma County Recorders Office and Index fraudulent Document 2022050849, stating CUPP owed DEFENDANTS $362,192.33.

64.     This action by DEFENDANTS was done willfully, maliciously, with intent to harm, gain advantage, steal from CUPP, without privilege or justification and published a false recorded document against CUPP and his property, thereby slandering CUPPs title.

65.     Willfully filing of the fraudulent document is publication to the world at large of the false statement, damaged CUPP in the amount of $362,192.33

WHEREFORE, Plaintiff CUPP respectfully requests that judgment be entered against all defendants, jointly and severally, for the following amounts by slander of CUPPs title.

A.  Compensatory damages of $362,192.33,

B.  General damages to be determined at trial,

C.  Punitive damages in an amount determined at trial,

D.  Costs and reasonable attorney fees,

E.  For such other and further relief as the court may deem just and proper.

**COUNT IV**
**QUIET TITLE**
**BY ALL DEFENDANTS**

66.     Plaintiff alleges and incorporates the information in all previous paragraphs.

67.     The real property (Property) that is the subject of this action is located in Sonoma County, California, is commonly known as 4640 Arlington Avenue, Santa Rosa, CA 95407, and is more particularly described as with legal description as:

4640 ARLINGTON AVENUE, SANTA ROSA, CALIFORNIA, as more particularly described as: APN: 134-251-063-000 Legal Description: All that certain real property situated in the County of Sonoma, State of California, described as   follows:

FARMS 234, 235 and 236. as numbered and designated upon the Plan of Subdivision of Santa Rosa Farms No. 3, Sonoma County, California, recorded in the Office of the County Recorder of Sonoma County, California, on October 9, 1911  in Liber  26  of Maps,    page 15.

ALSO, that part of Lot 232, described as commencing at the southwesterly corner of said Lots thence North 1 deg 31' West, along the dividing   line between lots 232, 234 and 235, a distance of 677.87 feet to the southerly line of that certain tract under Agreement of Sale made by Harvey W. Burson and Bertha Lillian Bode, by Agreement dated August 30, 1934 and recorded in Liber 368 of Official Records,  Page 265;  thence along the southerly line of said Bode,  North  89 deg  28'  East, 9  feet; thence   South 1 deg  31' East,  677.98 feet to Southerly  line  of Lot  232,  thence  along  the Southerly line of said Lot South 89 deg  28' West,  9 feet to the point of commencement.

EXCEPTING therefrom that portion contained in the Deed from Warren T. Pritchard and Dorothy L. Pritchard, his wife, to Peter A. Zarins, a married man and John T. Zarins, an unmarried man, dated February 1, 1965 and recorded February 24, 1965 in Liber 2109 of Official Records, page 923, Recorder's Serial No. J-31630, Sonoma County  Records.

ALSO EXCEPTING therefrom that portion contained in the Deed from Warren T. Pritchard and Dorothy L. Pritchard, his wife, to Edward W. Hartgenbush and Marvin Soiland, Trustees for Decillion Associates, dated February 10, 1965 and recorded March 15, 1965 in Liber 2114 of Official Records, Page 19, Recorder's Serial No. J-34327, Sonoma County Records.

ALSO EXCEPTING that portion of Farms 234 and 232, as delineated upon "Plan of subdivision of Santa Rosa  Farms No. 3,  recorded October 9, 1911 in Liber 26 of Maps, page 15, Sonoma County Records, particularly described as  follows, to-wit:

BEGINNING at a point on the Westerly line of said Farm No. 234, distant thereon 303.00 feet Northerly from the Southwest corner of Farm 234; thence Southerly along said Westerly line 303.00 feet to said Southwest corner; thence Easterly along the Southerly line of said Farm 234, a distance of 650.76 feet to the Southerly corner common to said Farms 234 and 232; thence along the Southerly line of said Farm 232, North 89 deg 28' East, 9 feet; thence North 1 deg 31' West 303.00 feet; thence Westerly in a direct line 659.76 feet, more or less, to said point of beginning.

68.     At all times relevant to this action, CUPP held and still holds an interest in the Property as a fee simple owner.

69.     CUPP does not know the true names, capacities, basis for liability, or interests in the Property of Defendants sued in this action as Does 1 through 10, inclusive, and will amend this complaint when that information is discovered. At all relevant times, each defendant, including any defendant fictitiously named, claims an interest in the Property or was acting as the agent, servant, employee, partner, or joint venturer of each other defendant in doing the things alleged and is responsible in some manner for the damages and disputes alleged in this complaint.

70.     CUPP seeks to quiet title against the claims of the DEFENDANTS and Document 2022050849.

71.     CUPP does not know the exact names, capacities, or interests in the Property of certain DOE Defendants, which CUPP designates for this action as "all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the Property adverse to CUPP's title, or any cloud on CUPP's title to the Property." CUPP seeks to quiet title in the

Property against the claim of each such defendant, and each such defendant has no right, title, estate, lien, or interest in the Property or any part of it. CUPP will serve this class of defendants by publication as the court allows.

## CANCELLATION OF INSTRUMENTS

72.     For a Judicial decree and order pursuant to California Civil Code §§ 3412, et seq., declaring that certain APPLICATION FOR AND RENEWAL OF JUDGMENT in the Official Records of The County Recorder of SONOMA County, California with Instrument No 2022050849 to be void ab initio, and commanding the County Recorder of Said County to cancel, void and expunged said instrument, ***nunc*** pro ***tunc***, with the Official Records of said County, effective as if the date and instant of said instrument's original recordation; and

73.     CUPP seeks to quiet title against all defendants and each of them as of May 2, 2022; and for such additional and further relief as the Court may deem to be just, reasonable, and proper in the circumstances, according to proof.

WHEREFORE Plaintiff CUPP respectfully requests that judgment be entered against all defendants, jointly and severally, for the following

A.  For a declaration that CUPP is sole owner without any claims by DEFENDANTS and Doe Defendants,

B.  For an order cancelling Instrument No 2022050849 in the Sonoma County Recorders Office,

C.  Damages to be determined at trial,

D.  Costs and reasonable attorney fees,

E.  For such other and further relief as the court may deem just and proper.

## COUNT V
## VIOLATION OF CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION
## PRACTICES ACT (CAFDCPA), CC §1788
## BY ALL DEFENDANTS.

74.  Plaintiff alleges and incorporates the information in all previous paragraphs.

75.  CUPP is a consumer within the meaning of 15 U.S.C. 1692a(3).

76.  DEFENDANTS are seeking to collect a consumer debt from CUPP as defined by Cal. Civ. §1788(f).

77.  The account in question is a consumer transaction as defined by Cal. Civ. §1788.2(e) as CUPP has allegedly received property (personally leased premises) from DEFENDANTS, lost a Sonoma County Superior Court case SCV240402 that CUPP was personally liable on, and the judgment was primarily for personal, family or household purposes.

78.  DEFENDANTS violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff.

79.  DEFENDANTS violated the §1788.17 of the CFDCPA by continuously failing to comply with the statutory regulations contained with the FDCPA 15 USC §1692 *et seq.* as outlined above.

WHEREFORE, Plaintiff CUPP respectfully requests that judgment be entered against all defendants, jointly and severally; for the following:

A.  Compensatory damages for loss of sale $1,500,000,

B.  Compensatory loss of loan $200,000,

C.  Compensatory slander of title, defamation $362,192.33,

D.  General/Actual damages to be determined at trial,

E.  Costs and reasonable attorney fees.

F.  For such other and further relief as the court may deem just and proper.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COUNT VI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## BY ALL DEFENDANTS.

80.     Plaintiff alleges and incorporates the information in all previous paragraphs.

81.     It appears the ultimate facts constituting the outrageous conduct underlying the cause of action outlined below:

    a.  Defendants have been in controversy since 2007 when they originally sued CUPP.
    b.  Case SCV240402 continued from 2007 to 2013 when DEFENDANTS won.
    c.  DEFENDANTS have filed liens and claims against CUPP.
    d.  CUPP filed for Bankruptcy, was granted relief, and upset DEFENDANTS.
    e.  DEFENDANTS have acted with tenacity against CUPP, non-quitting or forgiving.
    f.  DEFENDANTS have acted with malice aforethought, willfully and intentionally in an attempt to collect this debt they feel is owed to them.
    g.  After CUPPs discharge of debt, DEFENDANTS  have acted with malice aforethought, knowingly, willfully and intentionally violating criminal statutes, their legal obligations as attorneys, and Superior Court rules, including perjury.
    h.  DEFENDANTS then fraudulently filed with Superior Court a form to double the amount they feel owed to themselves, and then criminally filed the fraudulent new order with the Recorders Office Index.

82.     Defendant's actions were outrageous, intentional, and malicious, and done with reckless disregard of the fact that the actions would certainly cause Plaintiffs to suffer severe emotional and physical distress.

83.     As a proximate result of the acts of Defendant's, CUPP suffered manifestations of severe emotional distress, specifically in the form of humiliation, mental anguish, anxiety, emotional distress, psychosis, loss of sleep, loss of appetite, and fear. The acts of Defendants have injured CUPP in mind and body. Some of the manifestations of Defendants conduct on CUPP, upon receiving information the DEFENDANTS are continually, after 17 years, sneaking around and attempting underhanded attempts to collect against CUPP, CUPP has noticed changes to his well-being. This was discovered by CUPP and by others who reported to CUPP the following observations. Nervousness, becoming sick right after the calls or receiving letters, stress, unable to focus or keep a train of thought for a period of time, loss of sleep, loss of

appetite, lack of patience with others and anger right after receiving Defendant's collection attempts.

84.     Defendant's conduct was done knowingly, willfully, and with malicious intent, and CUPP is entitled to punitive damages in an amount to be determined by proof at trial.

85.     Upon information and belief, the Ninth Circuit has opined that "Objective evidence is **NOT** a requirement of emotional distress damages." See <u>Zhang v Am Gen Seafoods, Inc.</u>, 339 F.3D 1020, 1040 (9th Cir 2003); See also <u>Johnson v Hale</u> F.3D 1351, 1352-53 (9th Cir 1994). (Emphasis supplied). See also <u>Boris v. Choice point Servs., Inc.</u>, 249 F. Supp 29 851 (W.D. My 2003) ($100,000 in actual damages based on part on damage to Plaintiff's reputation). **The term "actual damages" has been interpreted to include recovery for emotions distress and humiliation.** (See <u>Johnson v Department of Treasury, I.R.S.</u>, 700 F. 2d 71 (5th Cir. 1983) (Emphasis supplied).

WHEREFORE, Plaintiff CUPP respectfully requests that judgment be entered against all defendants, jointly and severally, for the following:

A.     Intentional infliction of emotional distress in the amount to be determined at trial.

B.     Costs and reasonable attorney fees.

C.     For such other and further relief as the court may deem just and proper.

### COUNT VII
### DEFAMATION -LIBEL PER SE
### BY ALL DEFENDANTS.

87.     Plaintiff alleges and incorporates the information in all previous paragraphs.

88.     CUPP has shown (1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure or causes special damages.

89.     The publication is verbatim with written evidence attached as Exhibit D.

90.     The publication (recorded document 2022050849 in Sonoma County Recorders Index) is defamatory as it can reasonably be viewed as declaring or implying a provably false factual assertion from DEFENDANTS, and it is apparent from the 'context and tenor' of the statement 'that the DEFENDANTS seriously is maintaining an assertion of actual fact that is false, namely that CUPP is a debtor to DEFENDANTS  and as such is delinquent in this respect.

91.     Libel is a type of defamation that requires "a false and unprivileged publication by writing, printing, picture, effigy, or other fixed representation to the eye, which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation (California Civil Code §44, §45).

92.     The charge of commission of some kind of crime is obviously libel per se. 5 Witkin, Summary of Cal. Law (10th ed. 2005) Torts, §542 p. 795.

93.     To be the victim of libel or slander can be catastrophic. As in this case, CUPP reputation, and view from the world at large, particularly for integrity and ethical conduct, can be the single most vital asset a person possesses.

94.     Where the defamation is ***clear without the need of any explanation***, it is considered defamation per se, and ***damages are presumed***. (*Contento v. Mitchell* (1972) 28 Cal.App.3d 356, 358 ["in an action for damages based on language defamatory per se, damage to the CUPP's reputation is conclusively presumed and he need not introduce any evidence of actual damages in order to obtain or sustain an award of damages."].)

95.     In pleading defamation, a plaintiff should allege (a) a publication, (b) that the published statement is false, (c) that the published statement is defamatory, (d) that the published statement is not privileged or was motivated by malice and (e) that the statement has a natural tendency to injure, or caused special damage. (*Taus v. Loftus* (2007) 40 Cal.4th 683,

720; *Lundquist v. Reusser* (1994) 7 Cal.4th 1193, 1202; Plaintiff thru his Statement of Alleged Facts has done so.

96.     As the famous trial attorney Louis Nizer pointed out in a closing statement, one's personal life and career can be more subtly destroyed. Nizer called it "the phone that does not ring." How often does one suffer injury because people that were once friends or colleagues now distance themselves from the defamed person?

97.     A special meaning has been given to the term "libel per se" in California. Where the statement is defamatory *on its face,* it is said to be libelous per se, and actionable without proof of special damage.

98.     This doctrine of libel per se has long been established in California. *Tonini v. Cevasco* (1896) 114 Cal. 266, 271; *Smith, supra,* 72 Cal.App.4th at 645; *Walker v. Kiousis* (2001) 93 Cal.App.4th 1432, 1441.

99.     California courts have held that to be liable, a defendant need not make a direct accusation or charge of misconduct; epithets or descriptive words or opinions that carry with them the implication of acts of misconduct are actionable. See *Newby v. Times-Mirror Co.* (1916) 173 Cal. 387, 395 [statement that person is "hypocrite"]; *Albertini v Schaefer* (1979) 97 Cal App 3d 822, 829 – 830 [calling attorney a "crook" is actionable as slander per se without proof of special damage].

WHEREFORE Plaintiff CUPP respectfully requests that judgment be entered against all defendants, jointly and severally, for the following

A.      Damages in the sum according to proof at trial;

B.      Damage to the plaintiff's reputation in the amount of $362,192,.33;

C.     Personal emotional reactions such as shame, humiliation, and anxiety, in amount to
       be proven at trial;

D.     An injunction prohibiting Defendant from any further slander or libel;

E.     An order from the Court for cancellation of instruments as claimed in quiet title.

F.     Costs and reasonable attorney fees.

G.     For such other and further relief as the court may deem just and proper.


## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: May 30, 2024                    Respectfully submitted

                                       /s/ *RONALD CUPP*
                                       Plaintiff Pro Se