UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD CUPP,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BASIL PLASTIRAS, et al.,<br><br>　　　　　Defendants. | Case No.  3:24-cv-03241-JSC<br><br>**ORDER RE: MOTION TO DISMISS**<br>Re: Dkt. No. 30 |

Plaintiff Ronald Cupp sues Defendants Basil Plastiras, Michael Terrizzi, Plastiras & Terrizzi, APC, Parkway Properties 12 LLC.  Plaintiff pleads claims under federal and state laws, including bankruptcy protections, consumer protection laws, slander of title, quiet title, cancellation of instruments, intentional infliction of emotional distress, and defamation.  (Dkt. No. 1.)[1]  Defendants' motion to dismiss is currently pending before the Court.  (Dkt. No. 30.)  After carefully considering the parties' submissions and having had the benefit of oral argument on November 14, 2024, the Court GRANTS Defendants' motion without prejudice to Plaintiff seeking relief in the bankruptcy court and in state court.

**BACKGROUND**

Plaintiff's claims arise out of a monetary judgment Defendants obtained against Plaintiff in 2013 in the Sonoma County Superior Court.  (Dkt. No. 1 ¶¶ 13-16.)  Plaintiff filed a Chapter 7 bankruptcy petition (*Id.* ¶ 17), and around March 18, 2014, the bankruptcy court issued a "Discharge of Debtor and Final Decree" and provided notice to Defendants.  (Dkt. No. 1-1 at 19-25.)  The bankruptcy court then deemed Plaintiff's Chapter 7 case closed.  (Dkt. No. 1 ¶ 27.)

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1    Around May 2, 2022, Defendants sought to renew the monetary judgment, despite the bankruptcy court's discharge.  (*Id.* ¶ 29.)  The Sonoma County Superior Court renewed and updated the judgment as Defendants' requested, and Defendants recorded the document.  (*Id.* ¶¶ 31-32.)  In 2024, while talking with a prospective buyer for Plaintiff's property and attempting to get a loan, Plaintiff discovered the recorded "Application for and Renewal of Judgment" against his property.  (*Id.* ¶¶ 34-36.)

Plaintiff, proceeding without the assistance of an attorney, subsequently filed this lawsuit against Defendants bringing seven causes of action: (1) violation of federal bankruptcy protection, 11 U.S.C. § 362; (2) violation of Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692(e) and (g); (3) slander of title; (4) quiet title and cancellation of instruments; (5) violation of California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. § 1788; (6) intentional infliction of emotional distress; and (7) defamation.  (Dkt. No. 1.)  Plaintiff invokes federal question jurisdiction as the basis for subject matter jurisdiction.  (*Id*. at 3.)  While Defendants initially did not appear and their default was entered, the Court subsequently granted their motion to set aside default.  (Dkt. No. 12.)  Defendants thereafter filed the now pending motion to dismiss.  (Dkt. No. 30.)

## DISCUSSION

Defendants move to dismiss Plaintiff's federal and state claims under Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim and Plaintiff's quiet title and cancellation of instruments claim under Federal Rules of Civil Procedure 12(b)(1) as moot.  Because the Court grants dismissal of Plaintiff's federal claims, the Court does not reach Defendants' arguments regarding the state law claims, and instead dismisses those claims without prejudice.

**I.    FEDERAL CLAIMS**

**A.  Plaintiff Fails to State Claim Under 11 U.S.C. § 362**

Plaintiff's claim under 11 U.S.C. § 362 alleges Defendants violated the bankruptcy court's discharge order and final decree by renewing and recording the discharged judgment.  (Dkt. No. 1 ¶¶ 43-44.)  In particular, Plaintiff alleges Defendants violated the "injunction and stay of the bankruptcy court," causing damages.  (*Id.* ¶ 49.)

Plaintiff's claim fails as a matter of law. Under 11 U.S.C. § 362(c)(2), a stay "continues until the earliest of . . . if the case is a case under chapter 7 of this title concerning an individual . . . the time a discharge is granted or denied." Here, Plaintiff alleges the bankruptcy court on March 18, 2014, "issued a DISCHARGE OF DEBTOR AND FINAL DECREE," and "deemed [Plaintiff's] Chapter 7 Bankruptcy closed" and has attached the bankruptcy court's discharge and final decree to the Complaint. (Dkt. No. 1 ¶¶ 24-27; Dkt. No. 1-1 at 19.)[2] Because the bankruptcy court granted discharge, the stay ended. *See In re Munoz*, 287 B.R. 546, 551 (9th Cir. 2002) ("[T]he existence of a discharge means that there is no automatic stay from which relief may be granted to permit an action against the debtor. Insofar as the automatic stay bars actions against the debtor, the stay automatically expires upon the grant of a discharge."). At oral argument Plaintiff conceded his 11 U.S.C. § 362 claim fails because the stay ended before Defendants renewed the judgment. So, the Court dismisses this cause of action.

**B. Amending to State a Claim Under 11 U.S.C. § 524 Would be Futile**

In his written opposition, Plaintiff argued he could make a claim under 11 U.S.C. § 524. (Dkt. No. 33 at 8.) Section 524 covers injunctions when a bankruptcy discharge has been issued. *See* 11 U.S.C. § 524(a)(2) ("A discharge in a case under this title . . . operates as an injunction against the commencement or continuation of an action."). As a matter of binding Ninth Circuit law, Plaintiff cannot plead a section 524 claim in this Court.

"[T]here is no private right of action under § 524." *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 509 (9th Cir. 2002). In *Walls*, the plaintiff brought a putative class action on behalf of Chapter 7 bankruptcy debtors against Wells Fargo Bank for violating the discharge injunction by attempting to collect her debt after it had been discharged. *Id.* at 504. The Ninth Circuit affirmed the district court's dismissal of the section 524 claim, reasoning that creating a private right of action "would undercut the 'complex, detailed, and comprehensive provisions of the lengthy Bankruptcy Code,' because it *has* an enforcement mechanism for violations of § 524 via the

---

[2] The Court can consider this document on a Rule 12(b)(6) motion under the incorporation by reference doctrine. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1202 (9th Cir. 2018) (holding a document is incorporated by reference when the complaint "refers extensively to the document or the document forms the basis of the plaintiff's claim").

1  contempt remedies available under § 105(a)." *Id.* (citation omitted).  Violations under section 524

2  "may not independently be remedied through § 105 absent a contempt proceeding in the

3  *bankruptcy court*." *Id.* at 506 (emphasis added).  So, Plaintiff must seek his remedy for an alleged

4  violation of the bankruptcy's injunction in bankruptcy court.  Plaintiff conceded as much at oral

5  argument.

### C. Plaintiff Fails to State a Claim Under the FDCPA

Plaintiff alleges Defendants also violated the FDCPA by attempting "to collect a debt previously discharged . . . by submitting a fraudulent judicial council form, signed under penalty of perjury . . . to a Sonoma County Superior Court Judge." (Dkt. No. 1 ¶ 53.) *Walls* also disposes of Plaintiff's FDCPA claim.

In *Walls*, the plaintiff also brought an FDCPA claim and the Ninth Circuit concluded there was "no escaping that [the] FDCPA claim is based on an alleged violation of § 524, [which] necessarily entails bankruptcy-laden determinations." *Walls*, 276 F.3d at 510.  When an FDCPA claim "is based on alleged violation of § 524," then civil contempt under § 105 is the proper remedy.  *Id.*  "To permit a simultaneous claim under the FDCPA would allow through the back door what [Plaintiff] cannot accomplish through the front door—a private right action." *Id*.  When a claim under FDCPA is based on a violation of bankruptcy discharge order, "the debtor's protection and remedy remain under the Bankruptcy Code." *Id.*  The complaint's allegations establish that the FDCPA claim is based on the alleged violation of the bankruptcy discharge order.  So, the Court dismisses this claim without prejudice to Plaintiff seeking relief in the bankruptcy court.

## II. STATE LAW CLAIMS

Plaintiff's remaining claims are state law claims—slander of title, quiet title and cancellation of instruments, violation of California Rosenthal Fair Debt Collection Practices Act, intentional infliction of emotional distress, and defamation.  (Dkt. No. 1.)  "A district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (quoting 28 U.S.C. § 1367(c)(3)).  Having dismissed Plaintiff's federal law claims, the Court declines to

exercise supplemental jurisdiction over the state law claims. When federal claims are dismissed before trial, "the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Here, the factors support declining jurisdiction over Plaintiff's state claims considering the case's early stage and that no discovery has occurred. Further, the rules in state and federal courts for an anti-SLAPP motion, as raised here, differ. *See Gunn v. Drage*, 65 F.4th 1109, 1119-20 (9th Cir. 2023) ("[T]o 'elimnate[] conflicts between California's anti-SLAPP law's procedural provisions and the Federal Rules of Civil Procedure,' courts must 'review anti-SLAPP motions to strike under different standards depending on the motion's basis'" (citation omitted).). So, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and dismisses those claims without prejudice to renewal in state court.

## CONCLUSION

The Court GRANTS Defendants' motion to dismiss and dismisses Plaintiff's claims without prejudice to renewal in the proper forums.

This Order disposes of Docket Nos. 30, 33, and 34.

**IT IS SO ORDERED.**

Dated: November 15, 2024

JACQUELINE SCOTT CORLEY
United States District Judge